**NOT FOR PUBLICATION**

DEC 27 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IAN MCCOWN, | No. 10-55672 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-05537-AG-VBK |
| v. | |
| CITY OF FONTANA, a municipality; CITY OF FONTANA POLICE DEPARTMENT; JORGE RODRIGUEZ; DAVID MAXSON, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 6, 2011[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District Judge.[***]

Defendants/Appellants City of Fontana, the City of Fontana Police Department, and Fontana Police Officers Jorge Rodriguez and David Maxson ("the City") appeal the district court's order awarding Plaintiff/Appellee Ian McCown $148,250.00 in attorney's fees and $15,034.10 in costs pursuant to 42 U.S.C. § 1988. The City argues that the district court abused its discretion because (1) the fee award is unreasonable in light of the success McCown achieved and (2) the district court failed to adequately articulate and explain a public benefit achieved by the suit that might justify the award. We review awards of attorney's fees for an abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). Questions of law are reviewed *de novo*. *Id.*

This Court previously held that the district court's award of $200,000.00 in attorney's fees to McCown was an abuse of discretion because it was unreasonable in light of McCown's "limited success." *McCown v. City of Fontana*, 565 F.3d 1097, 1105 (9th Cir. 2009) (*McCown I*). In so holding, the *McCown I* Court relied primarily on the fact that McCown's $20,000.00 settlement was "one-fourth of the 'damages in excess of $ 75,000' that he pled in his complaint, and less than

_____

[***] The Honorable Suzanne B. Conlon, District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

one-tenth of the $251,000 he requested in settlement." *Id.* at 1104. Because the panel relied on McCown's settlement offer in appraising the success of his suit, McCown revealed on remand that only three months after making his $251,000.00 settlement offer, he and the City reached a tentative agreement to settle his case for $20,000.00 plus attorney's fees, but the Fontana City Council refused to ratify the settlement. As a result, the litigation continued for another year, through summary judgment, before settling on the same terms to which McCown originally agreed. In light of this fact, the ultimate $20,000.00 settlement appears much more successful than it did in *McCown I*. The canceled settlement demonstrates that the actual value McCown placed on his case was less than previously supposed and suggests the $20,000.00 settlement came close to meeting McCown's goal. *Id.* at 1104–05. Furthermore, it speaks to the quality of the overall result that McCown's counsel managed to secure for him the exact same damage award he had agreed to settle for a year earlier. *Id.* at 1104 ("[T]he district court must consider the excellence of the overall result, not merely the amount of damages won.").

Additionally, heeding *McCown I*'s directive to "consider whether, and to what extent, McCown's suit benefitted the public," the district court concluded that McCown's suit imparted a substantial public benefit by deterring future unconstitutional conduct by law enforcement officials. *Id.* at 1105. This finding

was not an abuse of discretion. The $20,000.00 in damages awarded to McCown is not *de minimis* and our precedent supports the district court's deterrence conclusion. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) ("Because it assessed [$17,500 in] damages against the defendants, the verdict established a deterrent to the City, its law enforcement officials and others who establish and implement official policies governing arrests of citizens.").

The public benefit identified by the district court coupled with the fact that McCown's suit was more successful and a better result than it initially appeared demonstrate the reasonableness of the district court's $148,250.00 fee award, which we note is approximately half of the fee McCown requested and $51,750.00 less than the district court's original award. Consequently, the district court did not abuse its discretion. Furthermore, we decline to consider McCown's argument, which he did not raise in a cross-appeal, that the case should be remanded for an upward adjustment of fees. *See Mahach-Watkins v. Depee*, 593 F.3d 1054, 1063 (9th Cir. 2010) (explaining that the Court need not consider interrelated arguments a party failed to raise on a cross-appeal).

**AFFIRMED**